**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BONNIE PFLUGLER,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT OF S.C.I.** | : | **No. 21-4889** |
| **MUNCY, PA** | : | |
| *Respondent* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                      SEPTEMBER /3, 2022

Convicted in state court, Bonnie Pflugler seeks habeas relief in federal court. Because she did not first exhaust her state court remedies, however, her claims have been procedurally defaulted. Therefore, the Court will deny Ms. Pflugler's petition.

## I.   FACTUAL AND PROCEDURAL HISTORY

In 1989, Ms. Pflugler pled guilty to and was convicted of third-degree murder and kidnapping for the killing of a Harrisburg police officer. Docket at 2, *Commonwealth v. Pflugler*, No. CP-48-CR-0000140-1988 (Pa. Ct. com. Pl. Northhampption Cnty.). She was sentenced to 15 to 30 years' imprisonment. Resp. (Doc. No. 12) at 1.

On April 11, 2017, while Ms. Pflugler was on state parole, agents of the Pennsylvania State Parole Office conducted a regulatory house check at her residence and discovered a .308 Winchester rifle. Resp. at 1. Ms. Pflugler was charged with unlawful possession of a firearm, pled guilty, and was sentenced to three and one-half to seven years' incarceration. *See* Docket at 2, *Commonwealth v. Pflugler*, No. CP-39-CR-0003835-2017 (Pa. Ct. com. Pl. Lehigh Cnty.) [hereinafter "Docket II"]. She did not file any post-sentence motions, nor did she appeal her sentence. *Id.* at 5-7.

1

Ms. Pflugler filed this petition for a writ of habeas corpus on October 20, 2021, and thereafter filed an amended petition using this Court's standard form on December 16, 2021. *See* Am. Pet. (Doc. No. 6). In her amended petition, Ms. Pflugler argues that (1) trial counsel was ineffective for advising her to plead guilty; (2) the statute under which she was convicted is unconstitutionally vague; and (3) the Commonwealth's bill of attainder was unconstitutional. *See id.* Respondents argue that Ms. Pflugler's petition should be dismissed because she failed to exhaust her state court remedies before seeking federal habeas relief. Resp. at 4-5.

## II.    DISCUSSION

Under 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must first demonstrate that he or she "has exhausted the remedies available in the courts of the State . . .." This requirement "ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan,* 953 F.2d 853, 857 (3d Cir. 1992), *cert. denied,* 504 U.S. 944 (1992). Ms. Pflugler did not file a direct appeal from her conviction with the Pennsylvania Superior Court within the 30-day window for doing so. Docket II at 7-8. Nor did she seek post-conviction relief within one year of her judgment becoming final as required by the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. 2254(b)). Instead, the claim is deemed to be procedurally defaulted, and a federal court may not consider it unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 740 (1991)). Ms. Pflugler, however,

makes no effort to satisfy the heavy burden of demonstrating cause and prejudice; nor does she identify any miscarriage of justice that would transpire if the Court failed to consider her defaulted claims. *See* Am. Pet.; Acceptance of Magistrate Report[1] (Doc. No. 18).

### III.    CONCLUSION

Ms. Pflugler did not raise her constitutional claims on direct appeal or in state postconviction proceedings. She may not do so now, for the first time, through a federal habeas petition. Because Ms. Pfluger's claims are procedurally defaulted, and because she has not demonstrated any grounds for excusing that default, the Court will deny her petition.[2] Because reasonable jurists would not "find it debatable" that Ms. Pflugler's claims are procedurally defaulted, the Court will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

[1] Though Ms. Pflugler styles her response to the Magistrate Judge's Report and Recommendation (Doc. No. 16) as an "acceptance," her filing consists solely of challenges to the Report, though none address the procedural default of her claims. (Doc. No. 18).

[2] Because the Court finds that Ms. Pflugler's claims are procedurally defaulted, it does not address the Magistrate Judge's Recommendation that her claims are also time-barred under 28 U.S.C. § 2244(d).