IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE PFLUGLER,**<br>*Petitioner* | CIVIL ACTION |
| v. | |
| **SUPERINTENDENT OF S.C.I.**<br>**MUNCY, PA**<br>*Respondent* | No. 21-4889 |

# ORDER

AND NOW, this 13th day of September, 2022, upon careful and independent consideration of Ms. Pflugler's amended petition for Writ of Habeas Corpus (Doc. No. 6), the response in opposition to the petition (Doc. No. 12), and after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 16), it is hereby **ORDERED** that:

1. The petition for Writ of Habeas Corpus is **DISMISSED** with prejudice;

2. There is no probable cause to issue a certificate of appealability[1];

3. The Clerk shall mark this matter **CLOSED** for all purposes, including statistics.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, there is no question that claims have been procedurally defaulted, a certificate of appeal is not warranted.